UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID DUNPHY, individually and on behalf of a class of similarly situated individuals, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   1:20-cv-02075 |
| VERIZON WIRELESS SERVICES, LLC, a division of Verizon Communications, Inc. | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** DAVID DUNPHY ("Plaintiff") by and through his attorneys, James C. Vlahakis, Omar T. Sulaiman and Marwan R. Daher, and pursuant to the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, submits the following Civil Action against VERIZON WIRELESS SERVICES, LLC, a division of Verizon Communications, Inc.:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a consumer and a natural person who is a citizen of the State of Illinois and resides in the Northern District of Illinois.

2. Defendant Verizon Wireless Services, LLC is an indirectly and wholly owned by Verizon Communications, Inc.

3. Defendant Verizon Wireless Services, LLC (hereafter "Verizon"), conducts business as "Verizon Wireless."

4. Defendant Equifax is a Delaware limited liability company with its principal place of business at 1550 Peachtree St. NW, Atlanta, Georgia 30309. Equifax is in the business of organizing, assimilating, analyzing and maintaining consumer data files for the purpose of

1

furnishing credit information on more than 600 million consumers to third parties on a nationwide basis, including in the State of Illinois.

5. Subject matter jurisdiction is conferred upon this Court by the FCRA pursuant to 15 U.S.C. §1681 *et seq.*, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

## FACTUAL ALLEGATIONS

6. In or around the December of 2019, Plaintiff discovered that Verizon was reporting to various credit reporting agencies ("CRAs") that Plaintiff owed Verizon a debt of $2,571 (the "Subject Debt").

7. Plaintiff, however, did not owe the Subject Debt to Verizon.

8. The Subject Debt was reported by TransUnion on various dates, including on October 31, 2019.

9. After Plaintiff discovered that Verizon was reporting the Subject Debt to the CRAs, Plaintiff contacted Verizon customer support to dispute the Subject Debt and report that the Subject Debt does not belong to him.

10. Starting in or around December 2019, and/or January 2020, Plaintiff communicated with Verizon and with the CRAs and advised them that Verizon was improperly attributing the Subject Debt to him.

11. Despite repeated complaints to Verizon, Verizon continued to report that Plaintiff owed the Subject Debt.

12. In particular, Verizon's misreporting of the Subject Debt included a false report to TransUnion that the Subject Debt was "in collections".

13. Despite repeated efforts, Verizon never corrected its misreporting of the Subject Debt.

14. Eventually Verizon charged-off the entire amount Subject and issued an IRS form 1099-C to Plaintiff.

15. Verizon should never have issued the IRS form 1099-C because Plaintiff did not owe the Subject Debt.

16. Verizon's wrongful issuance of the IRS form 1099-C caused Plaintiff harm because Verizon's wrongful issuance of the IRS form 1099-C resulted in inaccurate income being reported to the Internal Revenue Service.

17. An IRS form 1099-C tells a debtor the amount of the debt which has been discharged and that the debtor must generally report the discharged amount as income in his federal tax return.

18. Verizon's wrongful issuance of the IRS form 1099-C caused Plaintiff to suffer harm in that he was required to retain an attorney to help reverse Verizon's wrongful issuance of the IRS form 1099-C.

19. Additionally, Verizon's wrongful reporting of the Subject Debt harmed Plaintiff's credit score.

20. The reporting of the inaccurate information on Plaintiff's credit file is patently inaccurate and creates a materially misleading impression that the Subject Debt belongs to the Plaintiff.

21. Concerned about the violations of his rights and invasion of privacy, Plaintiff sought the assistance of counsel to remedy Verizon's inaccurate and derogatory credit reporting with regard to the Subject Debt.

22. Despite Plaintiff's exhaustive efforts, Verizon willfully and negligently repeatedly failed to perform a reasonable investigation and/o reinvestigations of the Disputed Debt as required by the FCRA.

23. Verizon also failed to remove the Subject Debt and caused the Subject Debt to be re-reported to TransUnion (and possibly one or more of the CRAs) and have to note the disputed status of the Subject, and thereby continued to report the derogatory inaccurate information about Plaintiff.

24. Verizon's erroneous reporting of the Subject Debt created a false and damaging image of Plaintiff.

25. Verizon's records will not show proof that Plaintiff incurred the Subject Debt. And because Verizon's records do not show proof that Plaintiff incurred the Subject Debt, it was erroneous and unlawful for Verizon to have issued the subject IRS form 1099-C.

26. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain his good name and the credit rating that he deserves and has worked hard to earn.

27. As a result of the conduct, actions, and inactions of Verizon, Plaintiff has suffered damages as set forth herein, including specifically, expenses and time incurred curing and remediating fraudulent account activity, time and expenses reasonably incurred to prevent future fraudulent activity, credit monitoring, constant vigilance in detecting fraudulent account activity, out-of-pocket expenses, the loss of credit, the loss of credit opportunities, loss of the use of funds, injury to reputation and credit rating the loss of ability to purchase and benefit from a credit line, local or long distance telephone calls, postage, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, mental and emotional pain

and suffering, and other frustration and aggravation associated with disputing the fraudulent subject account that does not belong to Plaintiff.

28. Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to resolve the erroneous credit reporting of the inaccurate information that is not attributable to him.

### Count I - Violations of the Fair Credit Reporting Act

29. Plaintiff, in his individual capacity, restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

31. Verizon is a "person" as defined by 15 U.S.C. §1681a(b).

32. Verizon is "furnishers[] of information" as defined by 15 U.S.C. §1681s-2 and a "financial institutions" as defined by 15 U.S.C. §1681a(t).

33. At all times relevant, Plaintiff's credit reports were "consumer reports" as that term is defined by §1681a(d).

34. Verizon violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Plaintiff.

35. Notwithstanding Verizon's actual knowledge that Plaintiff was a victim of identity theft and/or fraud by person working for Verizon or an third-party with the same name as Plaintiff, and the Subject Debt did not belong to Plaintiff, Verizon's failure to conduct a reasonable investigation of the accuracy of its reporting of the Subject Debt it furnished shows a reckless disregard for Plaintiff's rights under the FCRA.

36. Verizon violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by Plaintiff pursuant to §1681i(a)(2).

37. Had Verizon reviewed the information provided by Plaintiff, it would have corrected the inaccurate designation of the Subject Debt and transmitted the correct information to TransUnion and possibly other CRAs.

38. Instead, Verizon wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

39. Verizon violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of any reasonable investigation or reinvestigation of Plaintiff's dispute to TransUnion and possibly other CRAs.

40. Verizon violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to promptly modify, delete, or permanently block the inaccurate information on Plaintiff's credit file.

41. Instead, Verizon continued to report the Subject Debt and misleading information in Plaintiff's credit file after receiving Plaintiff's disputes.

42. Verizon failed to conduct a reasonable reinvestigation of their reporting of the subject account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from TransUnion under 15 U.S.C. §1681i(a)(1).

43. Verizon violated 15 U.S.C. §1681s-2(b)(2) by failing to take the required action with respect to Plaintiff by the deadlines set forth in 15 U.S.C. §1681i(a)(1).

44. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Verizon did not correct the errors to report accurately.

45. Instead, Verizon wrongfully re-reported, furnished and re-furnished false and erroneous information in Plaintiff's TransUnion consumer report and possibly to other CRAs.

46. A reasonable investigation by Verizon would have confirmed the veracity of Plaintiff's disputes.

47. Had Verizon taken steps to investigate Plaintiff's valid disputes, it would have permanently deleted the erroneous subject account. Plaintiff provided all relevant information regarding his disputes in his requests for investigation.

48. By deviating from the standards established by the debt collection industry and the FCRA, Verizon acted with reckless and willful disregard for their duty as furnishers to report accurate and complete consumer credit information to TransUnion and possibly to other CRAs.

49. As stated above, Plaintiff was severely harmed by Verizon's misconduct, including, but not limited to the wrongful issuance of the IRS form 1099-C.

**WHEREFORE**, Plaintiff DAVID DUNPHY respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## Count II – Class Action Based Violations of the Fair Credit Reporting Act

50. Plaintiff, on behalf of the below identified class members, restates and reallages the above paragraphs as though fully set forth herein.

51. Upon information and belief, Verizon has acted in a similar manner to more than 40 consumers who are erroneously reported to CRAs as owing debts to Verizon where the consumers did not owe the debts to Verizon.

52. Upon information and belief, Verizon has acted in a similar manner to more than 40 consumers who are erroneously reported to CRAs as owing debts to Verizon where Verizon charged-off the debts and then erroneously issued an IRS form 1099-C to each individual.

53. An erroneously issued IRS form 1099-C will be proven where Verizon's records do not show proof that the putative class members incurred the debt that ultimately were discharged through the issuance of an IRS form 1099-C.

54. Verizon's misconduct through the misreporting of debts not owed to the putative class members along with Verizon's improper issuance of an IRS form 1099-C to putative class members satisfied the elements of typicality, commonality, predominance and superiority.

55. There are common legal and factual issues as to whether Verizon's above misconduct is typical and common of the putative class members.

56. Plaintiff and his counsel will fairly and adequately represent the proposed class members who are defined as follows:

> All persons who were erroneously issued a 1099-C discharge of indebtedness by Verizon and Verizon's records do not support that the persons in questions owe or owed the discharged debts to Verizon and where the erroneous debts were misreported by Verizon to one of more of the CRAs.

8

57. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FCRA claims.

**WHEREFORE**, Plaintiff DAVID DUNPHY, on behalf of himself and putative class members, respectfully prays this Honorable Court for the following relief:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Order the deletion or modification of all adverse credit reporting relating to the subject accounts;

   c. Award class members statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

   d. Award class members punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

   e. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

   f. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Respectfully Submitted,

Dated: 3/31/2020

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 108
osulaiman@sulaimanlaw.com

/s/ James C. Vlahakis
James C. Vlahakis, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148

Telephone: (630) 581-5456
jvlahakis@sulaimanlaw.com